UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA     *    Case No. 19-CR-139 (RJD)
    *
    *    Brooklyn, New York
    *    October 10, 2019
    v.     *
    *
LAMONT BROWN,     *
    *
    Defendant.     *
    *

* * * * * * * * * * * * * * * *

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:     VIRGINIA NGUYEN, ESQ.
    Asst. United States Attorney
    United States Attorney's Office
    271 Cadman Plaza
    Brooklyn, NY 11201


For the Defendant:     GARY FARRELL, ESQ.
    Law Office of Gary Farrell
    305 Broadway, Suite 1400
    New York, NY 10007


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

1              (Proceedings commenced at 3:18 p.m.)

2              THE CLERK:  Criminal cause for guilty plea, docket

3    number 19-CR-139, United States of America versus Lamont

4    Brown.  Counsel, please state your appearances for the

5    record.

6              MS. NGUYEN:  Good afternoon.  Virginia Nguyen on

7    behalf of the United States.

8              MR. FARRELL:  Gary Farrell for Lamont Brown.  Good

9    afternoon.

10             THE CLERK:  The Honorable Lois Bloom presiding.

11             THE COURT:  Good afternoon, Ms. Nguyen, Mr. Farrell

12   and good afternoon to you, Mr. Brown.

13             THE DEFENDANT:  Good afternoon.

14             THE COURT:  Mr. Brown, as you may know, this case

15   has been assigned to Judge Dearie and he is the judge who

16   will make the ultimate decision as to whether to accept your

17   guilty plea.  And if he does, he will be the judge who

18   sentences you.  You have the absolute right to have Judge

19   Dearie listen to your plea without any prejudice to you.

20             Do you understand?

21             THE DEFENDANT:  I do, yes.

22             THE COURT:  I have before me a form which reflects

23   that you've consented to have me hear your plea.  I am going

24   to have this passed forward to you, Mr. Brown and I'm going

25   to ask you is that your signature on the consent form, sir?

1            THE DEFENDANT:  Yes, it is.

2            THE COURT:  And do you understand this form, sir?

3            THE DEFENDANT:  I do.

4            THE COURT:  And did you consult with your attorney

5    before signing?

6            THE DEFENDANT:  Yes, ma'am.

7            THE COURT:  And do you give your consent to have me

8    hear your plea today voluntarily and of your own free will?

9            THE DEFENDANT:  Yes, I do.

10            THE COURT:  Has any threat or promise been made to

11    you to induce you to agree to have me take your plea here

12    today?

13            THE DEFENDANT:  No, Your Honor.

14            THE COURT:  Then I am going to sign the consent

15    form which has been signed by both Mr. Brown and his

16    attorney, as well as the United States Attorney, Ms. Nguyen –

17    – the Assistant United States Attorney, Ms. Nguyen, and it is

18    dated today, October 10, 2019.

19            Mr. Brown, your attorney advises me that you wish

20    to plead guilty to Count 4 of the indictment which charges

21    you with conspiracy to commit wire fraud and wire fraud under

22    18 United States Code, Section 1349.

23            Since this court must be certain that you

24    understand your rights and the consequences of your plea, I

25    will explain certain matters to you and ask you questions.

4

1    If I say anything that you do not understand, please say so

2    and I will re-word the question.  Is that clear, sir?

3              THE DEFENDANT:  Yes.

4              THE COURT:  And also these proceedings are being

5    recorded, so it's important that you keep your voice up when

6    you're answering the questions.  Okay?

7              Will the clerk please swear Mr. Brown?

8         (The defendant is sworn.)

9              THE COURT:  Mr. Brown, you have just taken an oath

10   to tell the truth.

11             Do you understand that if you answer any of my

12   questions falsely, your answers may later be used against you

13   in another criminal prosecution for perjury or for making a

14   false statement?

15             THE DEFENDANT:  Yes, I do.

16             THE COURT:  What is your full name, sir?

17             THE DEFENDANT:  Lamont Jamel Brown.

18             THE COURT:  And how old are you?

19             THE DEFENDANT:  I'm 30.

20             THE COURT:  And what schooling or education have

21   you had, Mr. Brown?

22             THE DEFENDANT:  The highest level was some college.

23             THE COURT:  And so how long ago did you attend

24   college?

25             THE DEFENDANT:  The last year I attended college

5

1    was 2011, I believe.

2              THE COURT:  And how far did you get?

3              THE DEFENDANT:  I have 30 credits from a previous

4    college and then 30 at the college that I was at and then

5    that's pretty much it.

6              THE COURT:  So that's about one year of -- or two

7    years of full time --

8              THE DEFENDANT:  Almost two, just shy of two.

9              THE COURT:  Thank you.  Have you had any difficulty

10   in communicating with Mr. Farrell?

11             THE DEFENDANT:  Not at all.

12             THE COURT:  And Mr. Farrell, have you had any

13   difficulty in communicating with Mr. Brown?

14             MS. FARRELL:  No, Judge.

15             THE COURT:  Mr. Brown, are you presently or have

16   you recently been under the care of a doctor or a

17   psychiatrist?

18             THE DEFENDANT:  No.

19             THE COURT:  Have you ever been hospitalized or

20   treated for any mental illness?

21             THE DEFENDANT:  No.

22             THE COURT:  Have you ever been hospitalized or

23   treated for an addiction to drugs, alcohol or any other

24   substance?

25             THE DEFENDANT:  No.

6

1          THE COURT:  In the past 24 hours, Mr. Brown, have

2   you taken any pills, medicine or drugs of any kind?

3          THE DEFENDANT:  No.

4          THE COURT:  In the past 24 hours, sir, have you

5   drank any alcoholic beverage?

6          THE DEFENDANT:  No.

7          THE COURT:  Is your mind clear as you stand before

8   the court today?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand the nature of these

11   proceedings today?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Mr. Farrell, have you discussed the

14   question of a guilty plea with your client?

15          MS. FARRELL:  Yes, Judge.

16          THE COURT:  And in your view, does he understand

17   the rights that he would be waiving by pleading guilty?

18          MS. FARRELL:  Yes, I believe he does.

19          THE COURT:  And is he capable of understanding the

20   nature of these proceedings?

21          MS. FARRELL:  Yes, he is.

22          THE COURT:  Do you have any doubts as to Mr.

23   Brown's competency to proceed today?

24          MS. FARRELL:  None whatsoever.

25          THE COURT:  Have you advised Mr. Brown of the

7

1    penalties that can be imposed and discussed the applicable

2    sentencing considerations including the sentencing

3    guidelines?

4              MS. FARRELL:  Yes, I have.

5              THE COURT:  And Mr. Brown, have you had an

6    opportunity to discuss your case with your attorney?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Are you satisfied with the assistance

9    your attorney has given you thus far in this matter?

10              THE DEFENDANT:  Yes.

11              THE COURT:  Mr. Brown, have you received a copy of

12    the indictment?

13              THE DEFENDANT:  Yes.

14              THE COURT:  And have you consulted with your

15    attorney about the charge in the indictment that you will be

16    pleading guilty to?

17              THE DEFENDANT:  Yes.

18              THE COURT:  And do you understand the charge

19    against you?

20              THE DEFENDANT:  Yes, I do.

21              THE COURT:  The first and most important thing that

22    you must understand, Mr. Brown, is that you have a right to

23    plead not guilty to this charge and to persist in that plea.

24    Under the constitution and laws of the United States, you

25    would then have a right to a speedy and public trial before a

8

1    jury with the assistance of an attorney.

2            Do you understand?

3            THE DEFENDANT:  Yes.

4            THE COURT:  You are presumed to be innocent and

5    would not have to prove that you were innocent.  At trial,

6    the burden is on the government to prove beyond a reasonable

7    doubt that you are guilty of the crimes charged.

8            I understand you will be pleading guilty to Count 4

9    of the indictment which charges you with conspiracy to commit

10   wire fraud and wire fraud.

11           To prove that you are guilty of conspiracy to

12   commit wire fraud and wire fraud, the government must

13   establish beyond a reasonable doubt that you, together with

14   at least one other person, entered into an agreement to

15   commit wire fraud; that you knowingly and willfully became a

16   member of the conspiracy; that there was a scheme or artifice

17   to defraud or to obtain money or property by false and

18   fraudulent pretenses, representations or promises; that you

19   knowingly and willfully participated in the scheme or

20   artifice to defraud with knowledge of its fraudulent nature

21   and with specific intent to defraud and in execution of that

22   scheme, you used or caused the use of interstate wires.

23           If the government fails to present sufficient

24   evidence to prove the elements of these crimes beyond a

25   reasonable doubt, the jury would have the duty to find you

9

1    not guilty.

2            Do you understand?

3            THE DEFENDANT:  Yes.

4            THE COURT:  In the course of a trial witnesses for

5    the government would have to come to court and testify in

6    your presence.  Your lawyer would have the right to cross

7    examine these witnesses, to object to evidence offered by the

8    government, and to offer evidence in your behalf.  You would

9    also have the right to compel the attendance of witnesses at

10   trial.

11           Do you understand?

12           THE DEFENDANT:  I do.

13           THE COURT:  Although you have the right to testify

14   at a trial you cannot be compelled to testify and incriminate

15   yourself.  If you decided not to testify, the court would

16   instruct the jury that they could not hold that against you.

17           Do you understand?

18           THE DEFENDANT:  Yes.

19           THE COURT:  If you plead guilty, Mr. Brown, I will

20   ask you questions about what you did in order to satisfy

21   myself that you are guilty of the charge to which you seek to

22   plead guilty and you will have to answer my questions and

23   acknowledge your guilt.

24           Thus, you will be giving up the right that I have

25   just described, that is, the right not to say anything that

1    would show that you are guilty of the crime with which you

2    are charged.

3              Do you understand?

4              THE DEFENDANT:  Yes, I do.

5              THE COURT:  If you plead guilty and the court

6    accepts your guilty plea, you will be giving up your right to

7    a trial, and all the other rights I have just discussed.

8    There will be no trial and the court will simply enter a

9    judgment of guilty based on your plea.

10             Do you understand?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Mr. Brown, are you willing to give up

13   your right to a trial and the other rights I have just

14   discussed with you?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Is there an agreement pursuant to which

17   the plea is being offered?

18             MS. NGUYEN:  Yes, Your Honor.

19             THE COURT:  And is it marked as Court's Exhibit 1?

20             MS. NGUYEN:  I believe that is it.  My signature

21   would be on the last page.

22             THE COURT:  Well, I'm going to pass it forward to

23   you, Mr. Brown, and I am going to ask, is this your signature

24   on page six of this agreement and I'd like you to take the

25   time to look at each and every page to make sure this is the

1    agreement that you've reviewed with your attorney.

2                THE DEFENDANT:  Yes, Your Honor.

3                THE COURT:  Is that your signature on page six,

4    sir?

5                THE DEFENDANT:  Yes, it is.

6                THE COURT:  Very good.  Thank you.

7                So I'm just going to summarize.  You've thoroughly

8    reviewed this document with your attorney, I assume, is that

9    correct?

10                THE DEFENDANT:  Yes, I have.  Yes, indeed.

11                THE COURT:  But I'm just going to summarize for the

12    record.

13                You're pleading guilty to Count 4 of the

14    indictment, charging you with a violation of Title 18, United

15    States Code, Section 1349.

16                In exchange, the government agrees that no further

17    criminal charges will be brought against you for conspiracy

18    to commit wire fraud as charged in the indictment, from

19    April, 2016 to July, 2018.

20                If you plead guilty today, the government will move

21    the court for an additional one-level reduction.  The

22    government has also agreed that at the time of sentence, it

23    will move to dismiss the remaining count of the indictment

24    against you with prejudice.

25                The U.S. Attorney's office will take no position

12

1    concerning where within the guidelines range determined by

2    the court the sentence should fall and will make no motion

3    for an upward departure under the sentencing guidelines.

4            You have agreed not to file an appeal or otherwise

5    challenge the conviction or sentence in the event the court

6    imposes a term of imprisonment at or below 30 months.

7            If you violate any provision of this agreement, you

8    will not be released from your plea of guilty, but the United

9    States Attorney's office will be released from its

10   obligations under this agreement.

11           Do you understand?

12           THE DEFENDANT:  Yes, Your Honor.

13           THE COURT:  Does the written agreement that you

14   have reviewed with your attorney and signed on page six,

15   fully and accurately reflect your understanding of the

16   agreement that you have entered into with the government?

17           THE DEFENDANT:  Yes, Your Honor.

18           THE COURT:  Other than the promises contained in

19   the written agreement, has anyone made any other promises

20   that have caused you to plead guilty?

21           THE DEFENDANT:  No.  No, yeah, no.  Yeah, sorry.  I

22   got a little confused.

23           THE COURT:  I'm just going to repeat the question.

24   I don't know, maybe I said it in -- in a way that --

25           THE DEFENDANT:  No, that was me.

13

1          THE COURT:  -- confused you.  Other than the

2    promises contained in the written agreement, has anyone made

3    any other promises that have caused you to plead guilty?

4          THE DEFENDANT:  No.

5          THE COURT:  Has anyone made any promise to you as

6    to what your sentence will be?

7          THE DEFENDANT:  No.

8          THE COURT:  Mr. Brown, let me discuss the

9    consequences of your pleading guilty today.

10         As we said, you are pleading guilty to Count 4 of

11   the indictment, as we just discussed.  The offense that you

12   are pleading guilty to provides for a minimum term of

13   imprisonment of zero years and a maximum term of imprisonment

14   of 20 years imprisonment.

15         Also, there is a maximum supervised release term of

16   three years to follow any term of imprisonment.  There is

17   also a maximum fine of $250,000 or twice the gross gain or

18   twice the gross loss.

19         Restitution is mandatory and here it has been

20   determined to be the amount of $97,207.10 to be paid in

21   accordance with the restitution order to be filed under seal

22   with the court in connection with the plea.  There is also a

23   special assessment of $100 which must be paid to the clerk of

24   the court at or before sentencing.

25         Do you understand?

14

1          THE DEFENDANT:  Yes, I do.

2          THE COURT:  Mr. Brown, if you are not a citizen of

3     the United States of America, you are subject to removal from

4     this country.  Removal and other immigration consequences are

5     the subject of a separate proceeding.

6          However, you must affirm that you want to plead

7     guilty regardless of any immigration consequences that you're

8     plea may entail.

9          Do you understand?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Mr. Brown, do you affirm that you want

12    to plead guilty regardless of any immigration consequences

13    that your plea may entail if you are not a citizen?

14         THE DEFENDANT:  Yes.

15         THE COURT:  In determining what sentence to impose,

16    Judge Dearie will consider the guidelines issued by the

17    United States Sentencing Commission and the other factors

18    specified by Section 3553(a) of Title 18, to determine

19    whether to impose a sentence within that range.

20         These other factors considered include the nature

21    and circumstances of the crimes committed, your

22    characteristics and history and the public interest in the

23    sentence.

24         Prior to sentencing, the court will receive a pre-

25    sentence report containing information about these factors

15

1    and the guidelines.  You and your lawyer will have the

2    opportunity to see that report and to speak on your behalf at

3    sentencing.

4             Do you understand?

5             THE DEFENDANT:  Yes.

6             THE COURT:  Have you and your attorney talked about

7    how the sentencing commission guidelines might apply to your

8    case, Mr. Brown?

9             THE DEFENDANT:  Yes, we have.

10            THE COURT:  Although the guidelines are advisory,

11   has the government estimated what the sentencing guideline

12   range is likely to be?

13            MS. NGUYEN:  It has.

14            THE COURT:  Can you place that estimate on the

15   record, please?

16            MS. NGUYEN:  Yes, Your Honor.  The government's

17   estimate is in paragraph two and it is 21 to 27 months.

18            THE COURT:  And is that your estimate as well, Mr.

19   Farrell?

20            MS. FARRELL:  It is, Your Honor.

21            THE COURT:  Mr. Brown, keep in mind that these are

22   just estimates and they could be wrong.  Judge Dearie will

23   calculate the guideline range and determine whether to follow

24   or depart from the applicable guideline range.

25            Do you understand that any estimate is not binding

1    and could be rejected by the court?

2                    THE DEFENDANT:  I understand.

3                    THE COURT:  If your sentence is higher than you

4    expect it to be, you will not be able to withdraw your guilty

5    plea. Is that clear?

6                    THE DEFENDANT:  Yes.

7                    THE COURT:  In addition to imprisonment, you may be

8    sentenced to supervised release.

9                    Supervised release means that after you are

10   released from prison, your activities will be supervised by

11   the Probation Department and there may be many restrictions

12   placed on your liberty, such as travel limitations,

13   requirements that you report regularly to a probation

14   officer, prohibitions on carrying guns and other limitations.

15                   Do you understand the nature of supervised release?

16                   THE DEFENDANT:  Yes, I do.

17                   THE COURT:  As I detailed in reviewing the

18   consequences of your plea, the statute you are accused of

19   violating involves a term of supervised release with the

20   maximum term of three years.

21                   If you violate the conditions of the release, you

22   can be returned to prison for up to two years without credit

23   for pre-release imprisonment or time previously served on

24   post release supervision.

25                   So if you don't follow the conditions of supervised

1    release, your prison term could be lengthened.

2            Do you understand?

3            THE DEFENDANT:  Yes.

4            THE COURT:  If after you are sentenced you or your

5    attorney think that the court has not properly followed the

6    law in sentencing you, you can appeal your sentence to a

7    higher court.

8            However, you have agreed not to file an appeal or

9    to otherwise challenge the conviction or sentence in the

10   event that the court imposes a term of imprisonment at or

11   below 30 months.

12           By pleading guilty you will not, except under

13   limited and rare circumstances, be able to challenge your

14   judgment of conviction.

15           Do you understand?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Mr. Brown, do you have any questions

18   you would like to ask me about the charge, your rights, or

19   anything else relating to the matter?

20           THE DEFENDANT:  No, Your Honor.

21           THE COURT:  Is everything clear to you, sir?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Mr. Farrell, do you know of any reason

24   why your client should not enter a plea of guilty to the

25   charge?

18

1          MS. FARRELL:   I do not, Judge.

2          THE COURT:  Are you aware of any viable legal

3     defense to the charge?

4          MS. FARRELL:  I am not.

5          THE COURT:  Mr. Brown, are you prepared to plead?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Lamont Brown, how do you plead to Count

8     4 of he indictment; guilty or not guilty?

9          THE DEFENDANT:  Guilty.

10         THE COURT:  Are you making this plea of guilty

11    voluntarily and of your own free will?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Has anyone threatened or forced you to

14    plead guilty here today?

15         THE DEFENDANT:  No, Your Honor.

16         THE COURT:  Has anyone made you any promise that

17    caused you to plead guilty here today?

18         THE DEFENDANT:  No, Your Honor.

19         THE COURT:  Has anyone made any promise about what

20    sentence you will receive?

21         THE DEFENDANT:  No.

22         THE COURT:  Mr. Brown, please describe briefly in

23    your own words what you did in connection with the crime

24    charged in Count 4 of the indictment.

25         THE DEFENDANT:  From April, 2016 until July, 2018,

1    within the Eastern District of New York, specifically Kings

2    County, I did conspire and agree with another person to

3    commit wire fraud.

4            Specifically during that time period, I agreed to

5    participate in a fraud involving the sale of Amtrak e-

6    vouchers that were fraudulently and illegally obtained.  I

7    intentionally agreed to transfer these e-vouchers by wire

8    communication and interstate commerce.

9            THE COURT:  Ms. Nguyen, do we need any further

10   allocution?

11           MS. NGUYEN:  I would ask how the defendant knew

12   they were fraudulently and illegally obtained, the e-

13   vouchers?

14           THE DEFENDANT:  The vouchers were purchased by

15   credit cards without the permission of the owners.

16           MS. NGUYEN:  The government has nothing further.

17           THE COURT:  Anything further that needs to be

18   addressed, Mr. Farrell?

19           MS. FARRELL:  I don't believe so, Your Honor.

20   Thank you.

21           THE COURT:  Then based on the information given to

22   me, I find that the defendant, Mr. Lamont Brown, is

23   competent, that he is acting voluntarily, that he fully

24   understands the charge, his rights, and the consequences of

25   his plea and that there is a factual basis for the plea.

1          I therefore recommend to Judge Dearie that he

2     should accept Mr. Brown's plea of guilty to Count 4 of the

3     indictment.

4          Judge Dearie has set sentencing in this matter on

5     January 22, 2020 at 11:00 a.m. in this case.  Let the record

6     reflect that Mr. Brown is at liberty and the same conditions

7     that you were released, shall remain in place.  Was there

8     anything else, Ms. Nguyen that needs to be addressed?

9          MS. NGUYEN:  Not on behalf of the government, no.

10         THE COURT:  Anything further that needs to be

11    addressed on behalf of Mr. Brown?

12         MS. FARRELL:  No, Your Honor, not on behalf of the

13    defendant.  Thank you.

14         THE COURT:  Then this matter is adjourned.  Good

15    Luck.  Thank you.

16         THE DEFENDANT:  Thank you.

17         MS. FARRELL:  Thank you very much.

18         MS. NGUYEN:  Thank you, Your Honor.

19       (Proceedings concluded at 3:40 p.m.)

20

21

22

23

24

1        I, CHRISTINE FIORE, Certified Electronic Court Reporter

2    and Transcriber, certify that the foregoing is a correct

3    transcript from the official electronic sound recording of

4    the proceedings in the above-entitled matter.

5

6

7

8

9    _____        October 30, 2019

10       Christine Fiore, CERT

11

12

13

14

15

16

17

18

19

20

21

22

23

24